IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SATEESH KANDAVILLI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-19-3306 |
| | * | |
| APARNA GADIYARAM, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

Defendants, Aparna Gadiyaram, Sindhusha Garla, Srikanth Gadiyaram, Vamshi Gandham, Janarthanan Thamiselvan, Vinorat Rajajegaram, Satish Veeraperumal, ASVS, LLC ("ASVS"), and CGC, LLC ("CGC") (collectively "Defendants"), move this Court to dismiss the remaining claims brought by Plaintiff, Sateesh Kandavilli (the "Motion to Dismiss") (ECF No. 25). Plaintiff then moved to file an Amended Complaint (the "Motion to File an Amended Complaint") (ECF No. 26). After considering the Motions and the responses thereto (ECF Nos. 27, 30), the Court finds no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein the Court GRANTS Defendants' Motion to Dismiss. Additionally, the Court DENIES Plaintiff's Motion to File an Amended Complaint.

### **FACTUAL BACKGROUND**

The Court recounted the factual background of this case in its March 11, 2020, Memorandum Opinion (the "Memorandum Opinion") addressing Defendants' Motion to Compel Arbitration and for Partial Dismissal. *See* ECF No. 23 at 1–5. The Memorandum Opinion is incorporated herein.

1

**PROCEDURAL BACKGROUND**

On November 16, 2019, Plaintiffs filed suit in this Court, alleging conversion, breach of contract, unjust enrichment, misrepresentation, fraud, mail fraud, and wire fraud and requesting an accounting. ECF No. 1 at 1. On January 7, 2020, Defendants filed a motion to compel arbitration or, alternatively, for partial dismissal. ECF No. 13. Plaintiffs filed an opposition on January 17, 2020, ECF Nos. 20, 21, to which Defendants replied on January 23, 2020, ECF No. 22. On March 11, 2020, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion. ECF Nos. 23, 24. As a result of that Opinion and Order, Counts I–XIV and Count XVII of the were compelled to arbitration, Count XV was dismissed to the extent that it sought reformation as a remedy, and former Plaintiff Veera Vinjarapu was dismissed from the case. *See* ECF No. 24.

On April 3, 2020, Defendants filed a Motion to Dismiss the remaining counts for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim. ECF No. 25. On July 17, 2020, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss, ECF No. 27, and also filed a Motion to File an Amended Complaint, ECF No. 26. On July 31, 2020, Defendants filed a Response in Opposition to Plaintiff's Motion to File an Amended Complaint. ECF No. 30. This matter is now fully briefed, and the Court has reviewed both Motions and the responses thereto. For the following reasons, Plaintiff's Motion (ECF No. 26) is denied, and Defendants' Motion (ECF No. 25) is granted.

**DISCUSSION**

**I.   Plaintiff's Motion to File an Amended Complaint**

First, Plaintiff has filed a Motion to File an Amended Complaint. ECF No. 26. Under Federal Rule of Civil Procedure 15(a)(2), courts should freely give plaintiffs leave to amend "when

justice so requires," which the Fourth Circuit has interpreted to mean "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Plaintiff contends in the Motion that he has not previously filed a motion to amend the Complaint, and he is doing so now "as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 26 at 1. Rule 15(a)(1)(B), however, only allows a plaintiff to file an amended complaint as a matter of course "if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, Plaintiff attempted filing as a matter of course is untimely. The appropriate time for Plaintiff to have filed an Amended Complaint as a matter of course would have been on or before January 28, 2020—twenty-one days after Defendants filed their motion to compel arbitration *and* partial motion to dismiss under Rule 12(b)(6). It was upon the filing of Defendants' first motion that Plaintiff's clock to amend as a matter of course began ticking. Accordingly, now Plaintiff may only file an Amended Complaint with Defendants' written consent or by leave of the Court. FED.R.CIV.P. 15(a)(2).

Defendants argue Plaintiff's proposed amendment is futile, would be prejudicial to them, and was filed in bad faith. *See* ECF No. 30-1. Plaintiff's proposed Amended Complaint contains all seventeen original counts and lists Veera Vinjarapu as an additional Plaintiff. This proposed Complaint completely ignores the Court's Memorandum Opinion and Order compelling fifteen of the seventeen claims—including all of Plaintiff Vinjarapu's claims—to arbitration. The proposed Complaint also restates a request of a remedy of reformation in Count XV, which the Court explicitly dismissed. Plaintiff appears to want to proceed as if the Court's Order had never

3

happened. The only difference between the proposed Amended Complaint and the Original Complaint is a few factual allegations supplementing Plaintiff's claims for breach of contract and unjust enrichment. *See* ECF No. 29 (the redlined Complaint) at 34–37, ¶¶ 138, 143, 144. This attempt by Plaintiff to proceed in this Court with fifteen previously dismissed Counts is DENIED.

Additionally, for the same reasons, the Court finds the Amended Complaint is futile. Though Plaintiff adds a few additional factual allegations within Counts XV and XVI concerning his payment of utilities for the apartment governed by the disputed lease agreement, these alleged facts merely provide more background information; they do not offer new support to any elements of either the breach of contract or unjust enrichment claims. Accordingly, these proposed amendments would be futile. Thus, Plaintiff's Motion to File an Amended Complaint is DENIED.

## II. Defendants' Motion to Dismiss

Defendants first argue that this Court no longer has subject matter jurisdiction over Counts XV and XVI. ECF No. 25-1 at 6–9.[1] Defendants alternatively argue Plaintiff has failed to state a claim upon which relief can be granted. *Id.* at 9–17.

### A. Standards of Review

*1. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought in a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). Essentially, a Rule 12(b)(1) motion to dismiss asserts that the plaintiff lacks "a right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of establishing

---

[1] The Court cites to the page numbers as generated by the CM/ECF filing system.

the court's subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

A defendant can challenge the District Court's jurisdiction either facially or factually. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant presents a facial challenge, the defendant "contend[s] 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When addressing a facial challenge, a court takes the complaint's allegations as true and denies the motion "if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* When a defendant presents a factual challenge, the defendant contends that the allegations in the plaintiff's complaint are not true. *See id*. When addressing a factual challenge, a court "'may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Id.* (quoting *Adams*, 697 F.2d at 1219) (emphasis omitted).

2. *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*,

"[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### B. Defendants' Motion

Defendants first argue that the Court now lacks subject matter jurisdiction over the remaining Counts XV and XVI. This case is before the Court pursuant to diversity jurisdiction, and Defendants argue that because the other fifteen original Counts were compelled to arbitration, this matter no long meets the amount-in-controversy requirement of $75,000 to sustain diversity subject matter jurisdiction. ECF No. 25-1 at 6–9; *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; . . ."). Plaintiff argues in response that when a court grants a motion to compel arbitration, the court is not disposing of the case or the claims therein; it is merely suspending the case until the conclusion of the arbitration. ECF No. 27-1 at 3–4.

When this action was filed, former Plaintiff Vinjarapu brought fourteen causes of action related to the business operations of CGC and ASVS against various Defendants, totaling at least $255,000.00. Plaintiff Kandavilli brought one claim relating to the business operation of CGC against Defendants Sindhusha and Vashmi, totaling approximately $10,000.00, and two claims relating to a lease agreement against various defendants, totaling approximately $13,000.00.

Plaintiff Kandavilli's two claims related to the lease agreement remain before the Court and are the subject of Defendants' Motion to Dismiss.

In the Complaint, former Plaintiff Vinjarapu brought Counts I–XIV and Plaintiff Kandavilli brought Counts XV–XVII. In the Memorandum Opinion, the Court compelled Counts I–XIV and Count XVII to arbitration, as they all arose under the either the ASVS or the CGC Operating Agreements, which contained the applicable arbitration clauses (collectively the "compelled claims"). Counts XV and XVI were not compelled to arbitration, as they arose from a separate lease agreement, not from one of the Operating Agreements (collectively the "lease claims"). *See* ECF No. 23 at 12–13. The only connection between the compelled claims and the lease claims is that they involve some of the same parties.

A district court has jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction is discretionary. *Id.* at § 1367(c). When a district court has original jurisdiction over a case via diversity jurisdiction, the Supreme Court has stated

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiff *in the same Article III case or controversy*, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements of diversity jurisdiction.

*Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (emphasis added). To be part of the same Article III case or controversy, claims must "'derive from a common nucleus of operative fact' and '[be] such that . . . they would ordinarily be expected to [be tried] in one judicial proceeding.'" *Council of Unit Ownership of Wisp Condominium, Inc. v. Recreational Indus., Inc.*, 793 F.Supp. 120, 122 (D.Md. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (finding that the plaintiff's claims regarding the operation of a hotel did not arise from the

same set of operative facts as the federal antitrust claim against the same defendant); *cf Lucky Brand Dungarees, Inc. v. Marcel Fashion Group, Inc.*, 140 S.Ct. 1589, 1595 (2020) (finding that there was not a common nucleus of operative facts when two claims "were grounded on different conduct, involving different [subjects], occurring a different times," even though the parties to both claims were the same). To meet the common nucleus of operative fact standard, the claims must have more than "superficial factual overlap." *Shavitz v. Guilford Cty. Bd. of Educ.*, 100 F.App'x 146, 150–51 (4th Cir. 2004) (finding that the fact that all the plaintiff's claims arose from the existence of a red-light camera program was not a sufficient nucleus of operative fact to support supplemental jurisdiction). Illuminating the concept of a "common nucleus of operative fact," the Fourth Circuit has stated, "supplemental jurisdiction does not envelop claims when one count is 'separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count.'" *O'Bannon v. Friedman's, Inc.*, 437 F.Supp.2d 490, 493 (D.Md. 2006) (quoting *Hales v. Winn-Dixie Stores, Inc.*, 500 F.2d 836, 848 (4th Cir. 1974)).

Here, the Court properly had diversity jurisdiction over the compelled claims, as the combined amount-in-controversy for Counts I–XIV and Count XVII was at least $265,000.00.[2] The lease claims, however, only support an amount-in-controversy of $13,284.00. *See* ECF No. 1 at 36. Because this approximately $13,000.00 amount-in-controversy for the lease claims falls far below the jurisdictional threshold for diversity jurisdiction, the question now is whether the lease claims are part of the same Article III case and controversy as the compelled claims: clearly here they are not.

---

[2] Former Plaintiff Vinjarapu alleged her total damages against all defendants was at least $255,349.46, *see* ECF No. 1 (alleging she made a capital contribution and subsequent payments to ASVS totaling $59,107.46 and $94,105.00, respectively, and alleging she made a capital contribution to CGC totaling $102,137.00). Plaintiff Kandavilli alleged his damages related to Count XVII totaled "in excess of $10,000." *Id.* at 39.

8

As the Court explicitly stated in its Memorandum Opinion, "Plaintiff Kandavilli's lease claims are dependent upon the existence and breach of the lease contract, not upon the existence of the CGC Operating Agreement." ECF No. 23 at 12. The lease claims were wholly separate from the formation, operation, and recordkeeping of ASVS and CGC, which formed the factual basis for the compelled claims. That the lease claims were not sufficiently related to the compelled claims so that they at least obliquely arose from the Operating Agreements is the entire reason the lease claims were not sent to arbitration originally. If Plaintiff Kandavilli brought his breach of contract and unjust enrichment claims against the relevant Defendants in another suit, the court hearing the proceedings would not need or reference any of the facts or arguments supporting the compelled claims. *See O'Bannon*, 437 F.Supp.2d at 493.

Assuming *arguendo* that supplemental jurisdiction were available for the lease claims, this Court holds considerable discretion to decline to exercise jurisdiction over the claims. *LSR, Inc. v. Stellite Rests. Inc. Crabcake Factory USA*, No. RDB-17-3722, 2018 WL 4216755, at *3 (D.Md. Sept. 5, 2018) (citing *Hunt v. Branch Banking & Tr. Co.*, 480 F.App'x 730, 732 (4th Cir. 2012)). When deciding whether to exercise supplemental jurisdiction, a district court considers, "among other factors: convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and judicial economy." *Maddox-Nichols v. S. Md. Hosp., Inc.*, No. TDC-14-233, 2014 WL 6609313, at *6 (D.Md. Nov. 19, 2014) (citing *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1994)). A simple lease contract dispute does not touch upon any underlying issue of federal policy, as the claims are strictly based in state law. Regarding convenience and judicial economy, all other claims in this case have already been compelled to arbitration and are no longer being adjudicated before this Court, so there is no compelling reason for this Court to hear the lease claims outside the broader controversy surrounding the compelled claims. Even if

9

supplemental jurisdiction were available for the lease claims, which it is not, the Court could reasonably utilize its discretion to decline to exercise supplemental jurisdiction and avoid "a '[n]eedless decision[] of state law.'" *LSR, Inc.*, 2018 WL 4216755, at *3 (quoting *Gibbs*, 383 U.S. at 726) (alterations in original).

The result is not that the Court no longer has subject matter jurisdiction over the lease claims because the compelled claims were sent to arbitration, as Defendants argue. The lease claims were never part of the same case and controversy as the compelled claims over which this Court had diversity jurisdiction; the lease claims never should have been before this Court in the first place. Accordingly, the Court cannot exercise supplemental jurisdiction under § 1367 over the lease claims, because they are not part of the same Article III case and controversy as the claims giving rise to the Court's diversity jurisdiction. Counts XV and XVI are DISMISSED for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 25) is GRANTED, and Counts XV and XVI are DISMISSED for lack of subject matter jurisdiction. Additionally, Plaintiff's Motion to File an Amended Complaint (ECF No. 26) is DENIED. A separate Order will follow.


August 26, 2020                                                     _____/s/_____
Date                                                                    A. David Copperthite
                                                                              United States Magistrate Judge